## DOOLEY'S CASE.

*Supreme Court, Second District; General Term, October,* 1857.

CONSTRUCTION OF STATUTES.—JURISDICTION OF CITY JUDGE OF
BROOKLYN.—HABEAS CORPUS.

A statute conferring upon an officer the powers of a justice of the Supreme Court
confers only those powers which a justice of the Supreme Court holds in his
capacity as such, not those devolved upon him as Supreme Court commissioner.

The city judge of Brooklyn has no power to issue a writ of *habeas corpus* running
into another county, without proof that there is in such county no officer
authorized to grant the writ.

Appeal from an order made upon *habeas corpus*, discharging
a soldier from detention in the army.

The facts are stated in the opinion.

*Joseph Lovell* for the appellant.

*S. Garrison* for the respondent.

BY THE COURT.*—S. B. STRONG, J.—In this case an application for a *habeas corpus* to inquire into the cause of detention of
Patrick Dooley was made to, and the writ was allowed by, the
judge of the City Court of Brooklyn, in Kings county. Dooley
was at the time detained under an enlistment as a private in a
United States military company stationed on Governor's Island,
in the county of New York. There was no proof, nor any pre-
tence, that there was not at the time any officer in the county of
New York authorized to grant the writ. The soldier was brought
before the city judge, but the officer in command objected that
the judge had not, under the circumstances, any jurisdiction in
the matter. The judge overruled the objection, and discharged
the prisoner on the ground of his minority, which was satisfac-
torily proved. The United States officer has appealed to this

* Present, S. B. STRONG, LUCIEN BIRDSEYE, and JAMES EMOTT, JJ.

court from the order discharging the prisoner; and the question submitted to it is, whether the city judge had the requisite authority to allow and act upon the writ.

The act organizing the City Court of Brooklyn provides that the city judge may exercise within the county of Kings all the powers of a justice of the Supreme Court at chambers. (*Laws of* 1849, ch. 125, § 26, p. 174.) The territorial limitation, as the provision reads and as it was doubtless designed, refers to the place where the official acts are to be performed, and not to the extent of their operation.

We have so decided on a late occasion in reference to the jurisdiction of a county judge, and the principle of our decision is applicable to the officer whose powers are to be considered in the case under consideration.

What, then, are the powers of a justice of the Supreme Court at chambers which are conferred by the act upon the city judge of Brooklyn? The most accurate, and, as the construction relates to the functions of an inferior officer, the most correct definition is, such as are devolved upon the justice of this court in the performance of his duties in that capacity. That would not extend to such powers as are specially delegated to him as a commissioner. Supreme Court commissioners formerly possessed the powers of a justice of that court at chambers; but it was expressly provided that, when any power was given in express terms by any statute to the justices of that court, or either of them, without naming Supreme Court commissioners in such statute, such commissioners should not be authorized to exercise any such powers. (2 *Rev. Stats.*, 280, § 19.) When, therefore, it was designed that the commissioners should perform any duties specially devolved upon a justice of the Supreme Court by statute, they were uniformly particularly designated as in the recording act, where, although the authority to take acknowledgments is conferred upon justices of the Supreme Court, and of course at chambers, yet Supreme Court commissioners are also particularly mentioned. (1 *Ib.*, 756, § 4, subdiv. 1.) There are many other similar instances in the statutes, which it is unnecessary to quote. The *habeas corpus* act, in a section which I shall presently copy, after copying the authority to entertain the application under it upon any justice of this court, to be exercised of course at chambers, devolves it particularly upon any officer

who may be authorized to perform the duties of such justice at chambers. It is true that as to such officer there is a restriction as to his place of residence, and it is possible that he may have been particularly designated on that account; but I am inclined to think that it was principally for the reason that such power is not generally conferred upon any officer unless he or his class is particularly mentioned. If I am correct in this, it follows that the city judge at Brooklyn has no other power under the act relative to writs of *habeas corpus* and certiorari than such as it confers upon any officer who is authorized to perform the duties of a justice of the Supreme Court at chambers. The original 23d section of the act (2 *Rev. Stats.*, 563, 564) is in the following words : " Application for such writ (of *habeas corpus* or certiorari) shall be made by petition, signed either by the party for whose relief it is intended, or by some person in his behalf, as follows : (1) to the Supreme Court during its sitting, or (2) during any term or vacation of the Supreme Court, to the chancellor or any one of the justices of the Supreme Court, or any officer who may be authorized to perform the duties of a justice of the Supreme Court at chambers being or residing within the county where the prisoner is detained ; or if there be no such officer within such county, or if he be absent, or for any cause be incapable of acting, or having refused to grant such writ, then to some officer having such authority residing in any adjoining county."

It has been made a question whether the restriction as to residence applies to all the officers designated in the second subdivision, or only to those who are last mentioned. Grammatically, the qualification would seem to refer solely to the last antecedent following the last disjunctive, and there could not be much hesitation in adopting that interpretation but for what follows in the same section. The words " such officer," as there used, clearly refer to all those who have been previously particularized. That, however, raises but a slight, if any inference that it was intended to extend the limitation as to residence to the justices of this court. It has been several times decided at special term that a justice of this court can, at chambers, award a writ of *habeas corpus* that shall run into any part of this State. (The People *a.* Hanna, 3 *How. Pr. R.*, 37, by Harris, J.; The People *a.* Woodruff, *Ib.*, 32, by Willard, J.; and the People *a.*

Cooper, 8 *Ib.*, 288, by Barculo, J.)   This construction is fortified by a provision in an act passed on the 22d of April, 1837 (*Laws* of that year, p. 230), directing that where an application should be made to the Supreme Court, to the chancellor, or to any one of the justices of the Supreme Court, for a writ of *habeas corpus* or certiorari, pursuant to the article of the Revised Statutes from which I have quoted, in cases where the prisoner is confined in a county other than where such court shall then be held or officer reside, the writ may be made returnable before some other officer in the county where the prisoner may be confined. This is quite significant that the restriction as to residence does not apply to a justice of this court; and it seems to me that it plainly infers that it does refer to all other officers, otherwise why is there not the same delegation of powers to them?

The authority to entertain and act upon applications for the writ of *habeas corpus* is not conferred directly upon the city judge of Brooklyn by the act organizing his court.   He derives it from the general act upon the subject incorporated in the Revised Statutes.

That act is ambulatory, and confers the authority upon whoever may answer the description at the time of action.   A justice of the Supreme Court takes it in an administrative, and not in his judicially official capacity.   It does not, therefore, devolve upon any one having his general official power by substitution. Besides, where in a statute an officer is directly designated, it would be illogical to include him in a more general category, and especially where the inclusion is not clearly manifested. The *habeas corpus* act does separately and distinctly name officers having the powers of a justice of the Supreme Court at chambers, and to them only annexes the qualification of residence.   The power to act officially is conferred upon the chancellor, the justices of the Supreme Court, and the officers having the power of a justice of the Supreme Court at chambers, three distinct orders.   One of them clearly includes the city judge of Brooklyn.   The others, *ex vi termini*, do not.   It seems to me, then, that he must take the power under the description directly applicable to him.   If so, he must necessarily take it *cum onere*. The qualification as to residence is elementary, and cannot be separated.

The city judge of Brooklyn is a local officer, and it is not to

be presumed that it was intended to confer upon him powers of more extensive application than those devolved upon similar officers to whom duties of the same general character were assigned. There is no direct indication of any intention to extend them, and there does not seem to be any good reason why they should be extended.

Upon the whole, I am satisfied that the city judge had no jurisdiction in the case under consideration, and that his order discharging the prisoner should be reversed; the prisoner should be remanded, and the writ should be quashed.